# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 08-7042**                    **September Term 2009**

**1:06-cv-02143-RBW**

**Filed On:** October 5, 2009

Jorge Vila,

      Appellee

      v.

Inter-American Investment Corporation,

      Appellant

 

**BEFORE:**     Sentelle, Chief Judge, and Ginsburg, Henderson, Rogers, Tatel, Garland, Brown, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

Appellant's petition for rehearing en banc and the response thereto were circulated to the full court, and a vote was requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

                                   **FOR THE COURT:**
                                   Mark J. Langer, Clerk

                BY:    /s/
                          Michael C. McGrail
                          Deputy Clerk

Statements of Circuit Judge Rogers and Senior Circuit Judge Williams are attached.

ROGERS, *Circuit Judge*: Judge Williams has filed a statement inviting a challenge to the interpretation of a waiver of immunity provision in the articles of agreement adopted by an international organization. He presents an argument that was not raised by any party to this appeal. *See Vila v. Inter-American Investment Corporation*, 570 F.3d 274 (D.C. Cir. 2009). Neither was the argument raised *sua sponte* by any member of the court originally hearing this appeal. Indeed, the case on which Judge Williams relies for this new argument - *Lutcher S.A. Celulose e Papel v. Inter-American Development Bank*, 382 F.2d 454 (D.C. Cir. 1967) - was not cited by any party or even by Judge Williams in his dissenting opinion as a member of the original court to hear this appeal, *see Vila*, 570 F.3d at 286-90. Furthermore, the argument he presents would be of no interest to either party to this appeal.

In *Mendaro v. World Bank*, 717 F.2d 610 (D.C. Cir 1983), which the parties did discuss, this court did not overlook *Lutcher* but explained why it "was unable to read the somewhat clumsy and inartfully drafted language of Article VII section 3 - which the *Lutcher* court admitted was 'hardly a model of clarity,' - as evincing an intent by the members of the Bank to establish a blanket waiver of immunity from every type of suit not expressly prohibited by reservations in Article VII section 3." *Id*. at 614-15 (quoting *Lutcher*, 382 F.2d at 456). In rejecting the contention that the waiver provision was to be broadly interpreted subject only to the express reservations in Article VII section 3, the court explained such an interpretation, as adopted in *Lutcher*, was

> logical only if the waiver provisions are read in a vacuum, without reference to the interrelationship between the functions of the Bank set forth in the Articles of Agreement and the underlying purposes of international immunities. When the language of Article VII section 3 is approached from this viewpoint it is evident that the World Bank's members could only have intended to waive the Bank's immunity from suits by its debtors, creditors, bondholders, and those other potential plaintiffs to whom the Bank would have to subject itself to suit in order to achieve its chartered objectives. Since a waiver of immunity from employees' suits [at issue in *Mendaro*] arising out of internal administrative grievances is not necessary for the Bank to perform its functions, and could severely hamper its worldwide operations, this immunity is preserved by the members' failure expressly to waive it. Our reading of Article VII section 3 is both congruent with the other articles governing the Bank's relationship with its members and consistent with the firmly established international treaty and customary law, United States case law, and the considered opinion of the United States Executive Branch.

*Id*. at 615.

Thus the parties were necessarily aware, in citing *Mendaro*, of *Lutcher*'s different interpretation of the scope of the waiver of immunity. Yet *Lutcher*'s approach was not pursued because neither party had an interest in making the argument raised by Judge Williams. The plaintiff (Vila) prevailed under *Mendaro*'s long-standing functional interpretation of the scope of the waiver provision in light of circuit precedent applying that interpretation, *see Vila*, 570 F.3d at 280 (citing *Osseiran v. International Finance Corporation*, 552 F.3d 836 (D.C. Cir. 2009)). The defendant (the Inter-American Investment Corporation), on the other hand, was seeking a further narrowing of the scope of the waiver of immunity, not revival of *Lutcher*'s broad interpretation. *See id.* at 280-81. Consequently, Judge Williams's suggestion of incompatibility between the court's interpretations of the waiver of immunity provision in *Mendaro* and *Lutcher* requires no substantive response at this time for it is wholly outside the bounds of the issues the court may properly address in this appeal.

WILLIAMS, *Senior Circuit Judge*.  Although not entitled to vote on the petition for rehearing en banc, I have two observations, one quite obvious, the other not.

First:  The petition for rehearing en banc argues that the majority's decision here is inconsistent with this circuit's decisions in *Mendaro v. World Bank*, 717 F.2d 610 (D.C. Cir. 1983), and *Atkinson v. Inter-American Development Bank*, 156 F.3d 1335 (D.C. Cir. 1998).  For the reasons given in my opinion dissenting from the panel opinion, I agree.  See *Vila v. Inter-American Investment Corporation*, 570 F.3d 274, 286-90 (D.C. Cir. 2009) (dissent).

Second:  Nonetheless, declining to hear the case *en banc* is entirely reasonable.  *Mendaro* itself appears impossible to reconcile with our prior reading of equivalent language.  In *Lutcher v. Inter-American Development Bank*, 382 F.2d 454 (D.C. Cir. 1967), we interpreted the language of another international financial organization's charter, virtually identical to that considered in *Mendaro* and the present case:

> Actions may be brought against the Bank only in a court of competent jurisdiction in the territories of a member in which the Bank has an office, has appointed an agent for the purposes of accepting service or notice of process, or has issued or guaranteed securities.

*Id*. at 456 (quoting Inter-American Development Bank Charter Art. XI, § 3).  We said that this must be read as either "merely describing the available forum for such suits and actions as to which waiver had been otherwise made, [or] it must itself be a waiver of immunity."  *Id*. at 456-57.  We rejected the idea that it was either a venue provision or a partial waiver, describing it instead "as permitting the assertion of a claim against the Bank by one having a cause of action for which relief is available."  *Id*. at 457.

*Mendaro*, however, found that the exact same language quoted above effected only a limited waiver, applicable only where "the benefits accruing to the organization as a result of the waiver would be substantially outweighed by the burdens caused by judicial discretion of the organization's discretion to select and administer its programs."  *Mendaro*, 717 F.2d at 617.

None of the parties in *Vila* raised the issue of *Mendaro*'s correctness.  Future litigants may wish to do so, knowing that, while the panel will have little choice but to apply our later cases, assertion of *Lutcher* will preserve the tension between *Mendaro* and *Lutcher* for en banc review.